**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

IN RE:
TERRANCE WILLIAMS,

Case No. 3:22-CV-0201-MMD-CLB

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]

On May 3, 2022, Terrance Williams ("Williams"), an inmate in the custody of the Nevada Department of Corrections ("NDOC") submitted a document entitled "Motion to Submit Document to Continue/Establish Registration, etc." (ECF No. 1-1.) By this document it appears that Williams is attempting to establish some sort of intellectual property protection for song lyrics. Williams did not submit a civil rights complaint under 42 U.S.C. § 1983 or any other type of complaint. (*Id.*) In addition, Williams neither paid the full filing fee nor submitted an application to proceed *in forma pauperis*. Therefore, on May 5, 2022, the Court ordered Williams to either pay the filing fee or file an *in forma pauperis* application on or before June 17, 2022. (ECF No. 5.) To date, Williams has failed to do either.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. Of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds the first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to any potential defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d 1424. The court's order expressly stated: "If Plaintiff does not file a fully complete application to proceed *in forma* pauperis with all three documents or pay the fully $402 filing fee for a civil action on or before June 17, 2022, the Court will dismiss this action without prejudice . . . .") (ECF No. 5.) Thus, Williams had adequate warning that dismissal would result from his noncompliance with the Court's order.

Therefore, the undersigned Magistrate Judge recommends that this action be dismissed without prejudice for failure to pay the filing fee or file a fully complete application to proceed *in forma pauperis*.

The parties are advised:

1. Pursuant to 28 U.S.C § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**RECOMMENDATION**

For the reason stated above, the undersigned Magistrate Judge recommends that the District Court enter an order **DISMISSING** this action without prejudice.

DATED: June 22, 2022.

_____
**UNITED STATES MAGISTRATE JUDGE**