# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

*In re:* TERRANCE E. WILLIAMS

Case No. 3:22-cv-00201-MMD-CLB

ORDER

**I.   SUMMARY**

Terrance E. Williams appears to be attempting to register copyrights and trademarks under this case number. (ECF Nos. 1-1, 3, 6, 7, 8, 9, 10.) Before the Court is a Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin (ECF No. 17), recommending the Court dismiss this case in its entirety, without prejudice, because Williams failed to comply with Judge Baldwin's prior order (ECF No. 5) that he either pay the filing fee or fill out a complete application to proceed *in forma pauperis* ("IFP Application). Williams filed an objection to the R&R. (ECF No. 18 ("Objection").) Because Williams has not complied with Judge Baldwin's prior orders, he does not appear to dispute that he has not complied with those prior orders, what Williams appears to seek under this case number is not cognizable in any event—and as further explained below—the Court will accept and adopt the R&R in full and dismiss this case.

**II.   BACKGROUND**

Williams initiated the series of documents collected under this case number with what appears to be an attempt to register a copyright in some song lyrics. (ECF No. 1-1.) He did not complete an IFP application or pay the filing fee. Williams then submitted another document that appears to seek trademark registration for a logo. (ECF No. 3.)

In May 2002, Judge Baldwin ordered Williams to pay the filing fee or complete an IFP Application by June 17, 2022, and warned him his case would be dismissed without prejudice if he did not. (ECF No. 5.)

Williams did not comply with Judge Baldwin's order, instead submitting five more documents that appear to seek copyright protection for song lyrics (ECF Nos. 6, 7, 8, 9, 10), and one more apparently seeking trademark protection for another logo (ECF No. 13).

Judge Baldwin therefore recommends in the R&R that the Court dismiss this case because Williams never paid the filing fee or completed an IFP Application contrary to her prior order warning him his case would be subject to dismissal if he did not. (ECF No. 17.)

In his Objection, Williams states that he attempted to pay the five dollar filing fee[1] in May 2022 and asks for more time to 'produce the means for this filing fee.' (ECF No. 18.) Williams later submitted the financial certificate and account records that would accompany a complete IFP Application, but not the completed IFP Application itself. (ECF No. 5 at 1 (specifying that he must provide all three); *see also* ECF No. 5-1 (a copy of the IFP Application and instructions on how to complete it).)

**III.   LEGAL STANDARD**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo because Williams filed his Objection. (ECF No. 18.)

**IV.   DISCUSSION**

Even in his Objection, Williams does not dispute that he has not paid the filing fee or completed an IFP Application like Judge Baldwin ordered him to in the beginning of May. (ECF No. 18.) And while Williams more recently submitted two parts of an IFP

---

[1]The five dollar filing fee applies to habeas corpus actions. (ECF No. 5-1 at 2.) Williams does not appear to seek release from custody in any of the documents he filed under this case number, and he accordingly does not appear to seek the writ of habeas corpus. Therefore, the five dollar filing fee does not appear to apply to the relief Williams seeks in the documents filed under this case number.

Application, he did not complete and return the IFP Application itself like Judge Baldwin ordered him to. (*Compare* ECF No. 5 (specifying the three required components of a complete application) *with* ECF No. 19.) Thus, Williams has not complied with Judge Baldwin's prior order. (ECF No. 5.) Williams accordingly presents no reason in his Objection for the Court to reach a different conclusion than Judge Baldwin reached in the R&R—that the Court should dismiss this case. (ECF No. 17.)

The Court also agrees with Judge Baldwin's recommendation in the R&R that this case should be dismissed without prejudice. (*Id.*) She appropriately weighed the applicable factors and reached the same conclusion that the Court would have reached. (*Id.* at 2-3.)

Further, and as described above, Williams appears to seek copyright and/or trademark registrations. He does not appear to be attempting to file a lawsuit. If Williams seeks copyright registration, he must do so by applying for registration with the United States Copyright Office, not by filing documents with this Court.[2] *See* 17 U.S.C. § 408(a) ("[T]he owner of copyright or of any exclusive right in the work may obtain registration of the copyright claim by delivering to the Copyright Office the deposit specified by this section, together with the application and fee specified by sections 409 and 708."). Similarly, if Williams seeks to register a trademark, he must do so by following the procedures of the United States Patent and Trademark Office ("USPTO").[3] *See* 15 U.S.C. § 1051 ("The owner of a trademark used in commerce may request registration of its trademark on the principal register hereby established by paying the prescribed fee and filing in the Patent and Trademark Office an application and a verified statement. . ."). Filing documents with a federal district court, as Williams did here, is not the way to register

---

[2] For more information on how to do this, the Court directs Williams to the Copyright Office's website. *See* U.S. Copyright Office, *Registering a Work* (Last Accessed Jul. 25, 2022), https://www.copyright.gov/help/faq/faq-register.html.

[3] For more information on how to do this, the Court directs Williams to the USPTO's website. *See* United States Patent and Trademark Office, *Trademarks – Basics – Application Requirements* (Last Accessed Jul. 25, 2022), https://www.uspto.gov/trademarks/basics/application-requirements.

copyrights or trademarks. Said otherwise, the relief Williams appears to seek in the documents organized under this case number is generally not cognizable. This is another reason why the Court agrees with Judge Baldwin that dismissal without prejudice is the most appropriate next step in this case.

## V. CONCLUSION

It is therefore ordered that Williams' Objection (ECF No. 18) to the Report and Recommendation of United States Magistrate Judge Carla L. Baldwin (ECF No. 17) is overruled. The Report and Recommendation (*id.*) is accepted and adopted in full.

It is further ordered that all documents displaying as pending motions (ECF Nos. 3, 6, 7, 8, 9, 10) are denied.

It is further ordered that this action is dismissed, in its entirety, without prejudice but without leave to amend.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 26th Day of July 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE